972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BERESIWSKY, Plaintiff-Appellant,
v.
UNIVERSITY OF HAWAII, et al., Defendants-Appellees.
 No. 91-15877.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Beresiwsky appeals the district court's judgment, following a bench trial, in favor of the defendants in this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Beresiwsky claims that Kapiolani Community College's (KCC) refusal to hire him as a history lecturer was based on race and national origin discrimination and was in retaliation for other claims he had filed with the Equal Employment Opportunity Commission (EEOC). He contends that the district court erred by dismissing claims based on hiring decisions before 1985 and after spring 1988, and by failing to find that the continuing effect of earlier events established that hiring decisions made between 1985 and spring 1988 violated Title VII. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Beresiwsky contends that the district court erred by dismissing as time-barred his claims that KCC violated Title VII by refusing to hire him in fall 1982 and fall 1983.
 
 
 4
 In January and February 1983 and May 1983, Beresiwsky filed two sets of charges with the EEOC, which made two no-cause determinations and issued two right-to-sue letters in September 1983. There is no dispute that Beresiwsky failed to file suit until May 13, 1986, well beyond the 90-day limit of 42 U.S.C. § 2000e-5. See Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 202 (9th Cir.1988), cert. denied, 490 U.S. 1081 (1989) (failure to file complaint within 90 days warrants dismissal of action).
 
 
 5
 Beresiwsky contends that on September 9, 1988, the EEOC reversed its earlier no-cause determinations as to the fall 1982 and fall 1983 claims and issued a superceding right-to-sue letter that gave him a second chance to file suit in district court on those two claims. This contention lacks merit because in the September 1988 determination the EEOC considered only claims based on hiring decisions from fall 1985 to spring 1988.
 
 
 6
 Beresiwsky contends that the district court should have found that the 90-day limit was equitably tolled as to the fall 1982 and fall 1983 claims. We do not address this contention because Beresiwsky did not raise it below. See Federal Savings and Loan Insurance Corp. v. Butler, 904 F.2d 505, 509 (9th Cir.1990) (absent a showing of exceptional circumstances, this court will not consider an issue raised for the first time on appeal).
 
 
 7
 Beresiwsky also contends that the district court erred by refusing to consider claims based on KCC's refusal to hire him in fall 1988, fall 1989, and fall 1990. The district court may consider claims not included in an EEOC charge only if the new claims are like or reasonably related to the allegations made in the charge and would have been encompassed by the EEOC investigation of that charge. Green v. Los Angeles Cty. Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir.1989). Here, the EEOC had finished its investigation and issued its decision by September 1988. Accordingly, the investigation could not have encompassed fall 1988, fall 1989, and fall 1990. See id. Moreover, Beresiwsky did not plead any claims based on hiring decisions after spring 1988. Accordingly, his contention lacks merit.
 
 
 8
 Finally, Beresiwsky contends that KCC's refusal to hire him in fall 1982 made actionable KCC's otherwise valid policy of first considering lecturers who had been employed at KCC during the preceding semester. This contention lacks merit because the continuing impact of past violations is not actionable. See Lorance v. AT & T Technologies, Inc., 490 U.S. 900, 907-08 (1989).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3